Eastern District of Kentucky
F I L E D
MAY 1 1 2016
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| CARLOS D. MOORE, | ) |
| Plaintiff, | ) Civil Action No. 16-12-GFVT |
| V. | ) |
| LT. MAZZACONE, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the motion of the defendants, the Franklin County Regional Jail ("FCRJ"), Lt. Richard Mazzacone, Captain Robert Abrams, Jail Administrator Rick Rogers, and Chief Kelly Rouse to dismiss the complaint filed by plaintiff Carlos D. Moore. [R. 10] Moore has filed a response to the motion [R. 14] and this matter is therefore ripe for decision.

I

Moore is an inmate confined at FCRJ. On December 17, 2015, Moore was arrested for First Degree Assault, First Degree Wanton Endangerment, Felony Possession of a Firearm, and being a Persistent Felony Offender. Moore alleges that he was thereafter always restrained by chains and cuffs in the jail because, as a result of a 2005 conviction for Escape, he was classified as an "Institution Behavior Problem" or "IBP." Moore complains that guards often left him unattended with other unrestrained inmates, thus placing him at risk of assault. Moore also complains that he sent mail to his family and attorney but that it was never received. [R. 1 at 2-3]

On January 21, 2016, Moore filed a formal grievance regarding the nondelivery of his mail. Jail staff denied the grievance the same day, indicating that all mail is delivered to the Post Office the day after it is received. [R. 1-1 at 1] Also on January 21, 2016, Moore wrote a separate one-page letter to Capt. Abram about his mail and complaining that his restraints reduced the amount of time available when his family came to visit him in jail. Four days later, the responding officer stated that Moore's mail was being sent out and that his "IBP" status was nongrievable. [R. 1-1 at 2] Moore again filed a formal grievance regarding his "IBP" status on January 24, 2016, and the responding officer indicated that Moore's classification status would be reviewed. [R. 1-1 at 3] Shortly thereafter, on February 11, 2016, Moore filed a complaint against the defendants alleging that his continued "IBP" status "is discrimination & not valuing the safety of human." Moore also nonspecifically alleged violation of federal law, perhaps with respect to the handling of his mail. [R. 1 at 4]

In their motion to dismiss, the defendants contend that Moore's complaint does not contain sufficient allegations to state viable claims for relief, and that while Moore filed numerous formal and informal grievances [R. 10-3 at 1, 4-8], he failed to exhaust his administrative remedies with respect to any of them by appealing the denial of those grievances. [R. 10-1 at 2-4; R. 10-3 at 2] Defendants further argue that Chief Rouse may not be sued merely for acting in a supervisory capacity, and that FCRJ is not a proper defendant to this § 1983 action. [R. 10-1 at 4-5] In response, Moore reiterates his allegations regarding being restrained in handcuffs and shackles. [R. 14 at 1-2]

## II

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014).

2

When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

A complaint must contain allegations, either expressly stated or necessarily inferred, with respect to every material element necessary to sustain a recovery under some viable legal theory. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013). But the complaint must be dismissed if it undoubtedly fails to allege facts sufficient to state a facially-plausible claim. *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012). A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court first concludes that while Moore's allegations regarding being chained in the jail and difficulty in sending and receiving mail are sparse and somewhat conclusory, they are sufficient to provide the defendants with notice of the nature of the claims against them. When considering the sufficiency of allegations in the complaint, the Court is mindful of its obligation to afford additional latitude to parties who are not educated in the law or its practice. *Haines v. Kerner*, 404 U.S. 519, 596 (1972). Federal Rule of Civil Procedure 8 requires a plaintiff to provide enough factual information "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Because Moore's "[f]actual allegations [are] enough to raise a right to relief above the speculative level ..." his

3

complaint is sufficient to satisfy the minimal pleading requirements of Rule 8. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

However, Moore does not dispute the defendants' contention that he did not fully and properly exhaust his administrative remedies with respect to his claims. Federal law requires inmates to fully exhaust administrative remedies available within the prison or jail prior to bringing suit with respect to prison conditions. 42 U.S.C. § 1997e(a). This requirement is mandatory, and claims that have not been exhausted cannot be asserted in any court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Further, because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," the inmate must strictly follow the jail's rules with respect to the timelines, form, and procedures for inmate grievances. *Woodford v. Ngo*, 548 U.S. 81, 90 (2004).

FCRJ's inmate grievance policy is set forth in its Policy and Procedures Manual at Section XI(g). The policy provides that any inmate may file a grievance when he "believes that he has been subjected to abuse, harassment, abridgement of civil rights, or denied privileges specified in the posted rules." The hearing officer will respond to the grievance within ten days. If the grievance is denied, the inmate must file an appeal, clearly identified as such, to the jailer within 48 hours. [R. 10-3 at 14-18]

As noted by the defendants, Moore filed grievances on January 13, 2016; January 21, 2016; January 24, 2016; and January 29, 2016. [R. 10-3 at 1] FCRJ staff responded to each grievance within one to four days. [R. 10-3 at 4-8] Moore did not appeal any of these denials to Jailer Rick Rogers. [R. 10-3 at 2] Because he failed to do so, Moore did not fully and properly exhaust his administrative remedies, and his claims must be dismissed. *Grinter v. Knight*, 532

4

F.3d 567, 577-78 (6th Cir. 2008). Having concluded that Moore's complaint must be dismissed for this reason, the Court does not reach the defendants' alternative grounds for dismissal.

Accordingly, **IT IS ORDERED** that:

1. The Defendants' motion to dismiss the complaint [R. 10] is **GRANTED**.

2. Plaintiff Carlos Moore's complaint [R. 1] is **DISMISSED.**

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 10 day of May, 2016.



Signed By:
Gregory F. Van Tatenhove
United States District Judge

5